IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMER STOCKBRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No. CIV-18-1261-SLP |
| (1) CHARLES CLAY DAWSON, and | ) |
| (2) INDEPENDENT SCHOOL DISTRICT NO. | ) |
| 115 OF POTTAWATOMIE COUNTY, | ) |
| OKLAHOMA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**DISTRICTS' RESPONSE TO PLAINTIFF'S MOTION TO
REMAND TO STATE COURT AND BRIEF IN SUPPORT**

Defendant, Independent School District No.115 of Pottawatomie County ("District"), submits the following Response to Plaintiff's Motion to Remand to State Court (Doc. No. 7). Defendant objects to Plaintiff's motion, as follows:

**RELEVANT FACTS/PLEADINGS:**

1. On April 14, 2015 Plaintiff (through her parents at that time) filed a lawsuit against Defendant Charles Dawson ("Dawson") for invasion of privacy, negligence and negligence per se in the District Court of Pottawatomie County. Doc. No. 1-3, Petition. These claims were alleged to have arisen out of inappropriate sexual contact between Plaintiff and Dawson, who was a District employee.

2. On August 31, 2015 Plaintiff filed Motion to Amend her Petition to add District

as a Defendant. Doc. No. 1-15, Motion to Amend.

    3. On September 23, 2015 the Court granted Plaintiff's Motion to Amend. Doc. No. 1-18, Order.

    4. On September 23, 2015 Plaintiff filed her First Amended Petition adding District as a defendant. Plaintiff asserted the following claims against Defendants: 1) invasion of privacy, 2) negligence, 3) negligence per se, and 4) negligent hiring, retention and supervision. Doc. No. 1-17, Pltf's First Amend. Pet.

    5. On October 16, 2015 District filed a Motion to Dismiss Plaintiff's First Amended Petition. Doc. No. 1-20, Dist's Motion to Dismiss.

    6. On January 28, 2016 the Pottawatomie County District Court partially granted District's Motion to Dismiss. The Court dismissed Plaintiff's negligence per se claim and punitive damages against District. Doc. No. 1-28, Journal Entry.

    7. On September 6, 2018 Plaintiff filed another Motion to Amend her Petition which the court granted on September 23, 2018. Doc. No. 1-38, Pltf's Mtn. to Amend, Doc. No. 1-39, Order.

    8. On December 17, 2018 Plaintiff filed her Second Amended Petition in which she asserted the following claims against Defendants: 1) invasion of privacy, 2) negligence, negligence per se, 3) negligent hiring, retention and supervision, 4) denial of due process under Article II, Section 2 and 7 of the Oklahoma Constitution, 5) denial of due process and equal protection under 42 U.S.C. §1983 ("Section 1983"), and 6) violation of 20 U.S.C.

§1681(a) ("Title IX") (against District). Doc. No. 1-2, Sec. Amend. Pet. The facts in the Plaintiff's Second Amended Petition are substantially the same as those in her original petition filed in April of 2015.

9. On December 31, 2018 District removed Plaintiff's lawsuit to this Court pursuant to 20 U.S.C. §1441©, §1446(a) and (b), Federal Rules of Civil Procedure 81©, and Local Civil Rule 81.2. Doc. No. 1, Notice.

## ARGUMENT AND AUTHORITY

In seeking remand, Plaintiff asserts that her lawsuit should be remanded because Plaintiff's state law claims are substantially predominate and present several novel and complex issues of Oklahoma state law." Doc. No. 7, Pltf's Mtn. to Remand ¶¶21-22. However, on the face of Plaintiff's Second Amended Petition she asserts two federal claims, one under Section 1983 and another under Title IX, and her state law claims arise out of the same set of facts as her federal claims.

The United States Supreme Court has held that "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). A federal court may assert supplemental jurisdiction over state law claims that "'derive from a common nucleus of operative fact' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises just one constitutional

case'." *City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 164-65, 118 S.Ct. 523, 139 L.#d.2d 525 (1997) quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Federal courts use a two prong approach on the issue of supplemental jurisdiction: 1) does the court have supplemental jurisdiction; and, 2) should the court exercise such jurisdiction. *Busey v. Bd. of Cnty. Com'rs of County of Shawnee, Kansas,* 163 F. Supp.2d 1291,1294 (D. Kan. 2001).

    28 U.S.C. §1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In other words, if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in the federal court to hear the whole." *United Mine Workers v. Gibbs,* 383 U.S. 715,725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

    In this case, all of Plaintiff's claims arise from the same set of facts. Plaintiff claims that District's employee Dawson, while in the scope of his employment, sexually harassed her and caused her injuries for which District and Dawson are liable. Doc. No. 1-2, Sec. Amend. Pet.; Doc. No. 7, Pltf's Mtn. to Remand, ¶¶1-15. Based upon the same factual allegations, Plaintiff asserts a Section 1983 claim and a Title IX claim against District. Doc. No. 1-2, Sec. Amend. Pet. ¶¶ 42-60. Since Plaintiff's Second Amended Petition asserts two

federal claims and Plaintiff's state law claims arise out of the same nucleus of facts, this Court has original jurisdiction and may assert supplemental jurisdiction over Plaintiff's state law claims.

In seeking remand, Plaintiff asserts that her state law claims are novel, complex and substantially predominate over her federal claims. Doc. No. 7, Pltf's Mtn. to Remand ¶¶ 21-22. However, that is not the case.

As a general matter, tort claims do not present novel or complex questions of state law. *Parker v. Scrap Metal Processors, Inc.* 468 F.3d 733, 743-744 (11th Cir. 2006). Plaintiff makes state law claims under the Oklahoma Governmental Tort Claims Act and violation of due process and equal protection under the Oklahoma Constitution. Doc. No. 1-2, Sec. Amend. Pet. ¶¶27-41. There is nothing novel or complex about these claims. On multiple occasions federal courts have exercised supplemental jurisdiction over Title IX/Section 1983 lawsuits with similar pendant state claims. *Elizabeth S. v. Oklahoma City Public Schools,* 2008 WL 4147372 (W.D. Okla. Sept. 3, 2008) (Plaintiff asserted a Title IX, §1983 and negligence claims); *S.R. v. Hilldale Indep. Sch. Dist. No. 1-29 of Muskogee County, Okla.,* 2008 WL 2185420 (E.D. Okla. May 23, 2008) (Plaintiff asserted Title IX, §1983 and state tort claims); *Ross v. University of Tulsa,* 180 F.Supp.3d 351 (N.D. Okla. 2016) (Plaintiff alleged Title IX, negligence and intentional infliction of emotional distress claims); *Escue v. Northern OK College,* 450 F.3d 1146 (10th Cir. 2006) (Plaintiff asserted Title IX, §1983, negligent supervision, assault and battery, and intentional infliction of emotional distress

claims).

Plaintiff also asserts that her state law claims predominate her federal claims. According to the court in *Garcia v. Monarch Dental Corporation,* Civil No. 04-1058 WJ/RLP 2005 WL 8164376 ( D. New Mexico January 20, 2005):

> State law predominates when it predominates in terms of proof, the scope of the issues raised, or in terms of the comprehensiveness of the remedy sought. Gibbs, 383 U.S. at 726. A district court will find substantial predomination when state claims constitute the real body of a case, and a federal claim is only an appendage such that "permitting litigation of all claims in district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

Here, Plaintiff's state law claims are not predominate over her federal claims. All of Plaintiff' claims arise out of Plaintiff's assertion that she was sexually harassed by District's teacher acting within the scope of his duties. Doc. No. 1-2, Sec. Amend. Pet. Plaintiffs claims basically fall into two categories, tort claims and violation of constitutional/statutory rights. Plaintiff's invasion of privacy, negligence, negligence per se, negligent hiring, retention, training, and supervision are tort claims. Plaintiff's state and federal due process and equal protection claims are alleged violations of her rights under the constitutions of Oklahoma and United States which provide the same protection. *Eastern Oklahoma Bldg.& Const. Trades Counsel v. Pitts,* 2003 OK 113, 82 P.3d 1008, 1012. Plaintiff's tort, Section 1983 and Title IX claims are statutorily created causes of action against District. 51 O.S. §§151 *et seq.,* 42 U.S.C.§1983, 20 U.S.C. §1681(a). Even though the legal theories of recovery may differ, [Plaintiff's] state and federal claims arise from the "common nucleus of operative facts."

*Busey,* 163 F.Supp.2d at 1294-95. Since Plaintiff's state law claims are neither novel or predominate and arise from the same set of facts, judicial economy, convenience, and fairness, tip the scales of justice in favor of this Court exercising supplemental jurisdiction over Plaintiff's state law claims. Thus, Plaintiff's Motion to Remand should be denied.

Finally, the cases cited by Plaintiff either pertain generally to the basic notion of supplemental jurisdiction or are factually distinguishable from this case. *Reeds v. Walker,* 2006 OK 43, 157 P.3d 100 concerned a breach of contract of motorist benefits under an ERISA provision. *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) concerned whether the EEOC 90 day filing period could be tolled by filing in state court. *United States ex rel. Hafter D.O. v. Spectrum Emer. Care, Inc.,* 190 F.3d 1156 (10th Cir. 1999) concerned a qui tam action under the False Claims Act. In *Topeka Housing Auth. v. Johnson,* 404 F.3d 1245 (10th Cir. 2005) and *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811 (4th Cir. 2004) no federal question was asserted on the face of the plaintiff's complaint. *Bosky v. Kroger Tex., LP,* 288 F.3d 208 (5th Cir. 2002) concerned the timeliness of removal for a diversity case. *Anusbigian v. Trugreen/Chemlawn, Inc.,* 72 F.3d 1253 (6th Cir. 1996) concerned Plaintiff's failure to meet the amount in controversy for a diversity case. In *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 730 (1988) all of the plaintiff's federal claims had been eliminated and only state law claims remained when the district court remanded the case to state court. In *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California,* 24 F.3d 1545 (9th Cir. 1994)

the Ninth Circuit issued a writ to the district court to vacate an order of remand of the plaintiff's remaining state law claims. Thus, the majority of cases cited by Plaintiff are of no application to this case.

## CONCLUSION

Plaintiff's Motion for Remand should be denied because: 1) Plaintiff's Second Amended Petition alleges Title IX and Section 1983 claims which are within this Court's jurisdiction; 2) Plaintiff's federal and state law claims arise from a "common nucleus of facts"; 3) Plaintiff's state law claims are not novel, complex or predominate; and, 4) On multiple occasions this Court and other federal courts have exercised supplemental jurisdiction over similar claims. Thus, for the reasons stated above, Defendant, Independent School District No.115 of Pottawatomie County ("District"), respectfully request that this Court deny Plaintiff's Motion to Remand and her request for attorney's fees and costs.

S/Laura L. Holmgren-Ganz
F. Andrew Fugitt, OBA # 10302
Laura L. Holmgren-Ganz, OBA #12342
Attorneys For Defendant
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800
Facsimile:  (405) 528-5800
E-mail: AFugitt@cfel.com
E-mail: LGanz@cfel.com

**Certificate of Service**

      I hereby certify that on January 18, 2019, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System: William S. Haselwood, Joseph M. Vorndran, and Brad Miller.

                                                     S/Laura L. Holmgren-Ganz
                                                     Laura L. Holmgren-Ganz