IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUMMER STOCKBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1261-SLP |
| | ) | |
| CHARLES CLAY DAWSON and | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 115 OF POTTAWATOMIE | ) | |
| COUNTY, STATE OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Plaintiff's Motion to Remand [Doc. No. 7]. It is at issue. *See* Resp., Doc. No. 16.

## I.     Background

This action was originally filed in the District Court of Pottawatomie County in April 2015. *See* Pet., Doc. No. 1-3. After proceedings in state court not relevant to the motion before the Court, Plaintiff filed the Second Amended Petition [Doc. No. 1-2]—the governing pleading when Defendant Independent School District No. 115 of Pottawatomie County (also known as Wanette Public Schools, the "School District") removed the action to this Court. The School District's removal was based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under § 1367. Prior to removal, at least some written discovery was exchanged between the parties and "limited depositions of the parties" were taken. Notice of Removal ¶ 2, Doc. No. 1.

In the Second Amended Petition, Plaintiff asserts claims against Defendant Charles Clay Dawson and the School District.  Plaintiff's claims generally arise from the School District's employment of Mr. Dawson and Mr. Dawson's alleged solicitation and receipt of nude photographs from Plaintiff (a minor at the time), as well as two or more kissing incidents between Plaintiff and Mr. Dawson on school property.  Specifically, the claims alleged in the Second Amended Petition are: (i) invasion of privacy/intrusion on seclusion against Mr. Dawson, (ii) negligence against the School District and Mr. Dawson, (iii) negligence per se against the School District and Mr. Dawson, (iv) negligent hiring, retention, training, supervision, and premises liability against the School District, (v) violation of article II, sections 2 and 7 of the Oklahoma Constitution against the School District, (vi) violation of Plaintiff's due process and equal protection rights under the Fourteenth Amendment to the U.S. Constitution as made actionable by 42 U.S.C. § 1983 against the School District, and (vii) violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, against the School District.

Plaintiff seeks remand pursuant to 28 U.S.C. § 1367(c)(1) and (c)(2).

## II.     Discussion and analysis

A civil action filed in state court may be removed to federal court when it "includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331])."  28 U.S.C. § 1441(c)(1)(A).  In deciding whether a case arises under federal law, the Court follows "the 'well-pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law."  *Schmeling v. NORDAM*, 97 F.3d 1336, 1339

(10th Cir. 1996) (quoting *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)).

Federal question jurisdiction under § 1331 exists when a plaintiff pleads, inter alia, "a cause

of action created by federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g &

Mfg.*, 545 U.S. 308, 312 (2005).

Here, Plaintiffs' Second Amended Petition [Doc. No. 1-2] includes claims asserted

against the School District pursuant to both § 1983 and Title IV.  Thus, federal-question

jurisdiction exists under 28 U.S.C. § 1331.[1]  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S.

381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient

to satisfy the requirement that the case be within the original jurisdiction of the district

court for removal.").

Jurisdiction over Plaintiff's remaining (common-law and state-law) claims is

supplied by 28 U.S.C. § 1367(a).  Plaintiff does not dispute that her non-federal claims "are

so related to claims in the action within [the Court's] original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. § 1367(a).  Nor could Plaintiff successfully so argue.  All of Plaintiff's claims

arise from the School District's employment of Mr. Dawson's and Mr. Dawson's alleged

actions toward Plaintiff.  Accordingly, the Court proceeds directly to the second step of its

---

[1] Plaintiff asserts that this Court does not have original subject-matter jurisdiction as to her § 1983 claim because her due process and equal protection assertions "do not depend solely on the resolution of the federal statute."  Mot. ¶ 25, Doc. No. 7.  Plaintiff does not develop this argument further, and it is without merit.  A claim asserted pursuant to § 1983 is one "arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331])."  28 U.S.C. § 1441(c)(1)(A).  *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1217 (10th Cir. 2014).

supplemental-jurisdiction analysis: whether supplemental jurisdiction should be exercised (as compared to the first step asking whether supplemental jurisdiction can be exercised).

Supplemental jurisdiction is a matter of the Court's discretion, not of a party's right. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Among other reasons, the Court may decline to exercise supplemental subject-matter jurisdiction when (i) the non-federal "claim[s] raise[] novel or complex issue[s] of State law" or (ii) the non-federal "claim[s] substantially predominate[] over the [federal] claim[s]." 28 U.S.C. § 1367(c)(1), (2).

Here, Plaintiff argues that remand is proper because "Oklahoma State jurisprudence has not addressed the specific question of whether, by dint of systematic sexual abuse on school premises during school hours, a school district and its employees have deprived the victims of the abuse of the victim's equal protection of the laws" and that this is a "complex, and perhaps novel, State constitutional question" involving "interplay with Oklahoma state statutes." Mot. ¶ 24, Doc. No. 7. Plaintiff also argues that "the majority of the Plaintiff's claims sound in state law, and that these claims are complex and based upon a complex pattern of conduct by the Defendants." *Id.* ¶ 27.

As to § 1367(c)(1) ("novel or complex issue[s] of State law"), "the fact that an issue has not been decided by a state court, alone, does not make that issue novel." *Pae v. City of Lawton*, No. CIV-16-1198-M, 2017 WL 168910, at *2 (W.D. Okla. Jan. 17, 2017); *see also id.* ("[S]imply because certain issues involved in plaintiff's state law claims have been left unresolved by the Oklahoma courts does not make those issues novel or complex."). Plaintiff argues that she is presenting a fact pattern not before considered in conjunction

4

with her specific claims.  The Court disagrees; even if specific aspects of Plaintiff's claims are new, her non-federal claims are not overall ones with which the federal courts are unfamiliar or for which a state court's consideration is more appropriate.  *See, e.g.*, *J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 F. App'x 445 (10th Cir. 2010); *Elizabeth S. v. Okla. City Pub. Sch.*, No. CIV-08-105-M, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008).  Even if particular factual assertions by Plaintiff are novel, the causes of action asserted by Plaintiff are relatively common, and they are ones that federal courts deal with routinely.  *Cf. Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Generally, state tort claims are not considered novel or complex." (collecting federal district court cases)).  Plaintiff is not trying to assert a cause of action not previously recognized by Oklahoma's state courts.

As to § 1367(c)(2) (substantial predominance over the federal claims), the Court considers:

> (1) whether there is a substantial quantity of evidence needed to support the state claims that is not relevant to the federal claims; (2) whether the state claims predominate substantially in terms of the comprehensiveness of the remedy sought; and (3) whether the scope of the issues raised in the state claims shows that those issues predominate over the issues relevant to the federal claims.

*Pae*, 2017 WL 168910, at *2 (quoting *Arc of the Pikes Peak Region v. Nat'l Mentor Holdings, Inc.*, No. 10-cv-1144-REB-BNB, 2011 WL 1047222, at *3 (D. Colo. Mar. 18, 2011)).[2]  Contrary to Plaintiff's suggestion, the number of common-law- or state-law-based

---

[2] Drawn from the Third Circuit's opinion in *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995), these factors have been used by courts within the Tenth Circuit to determine substantial predominance.  *See, e.g.*, *Mabey v. Ray*, No. 4:18-cv-61-DN-DBP,

claims as compared to the number of claims asserted under federal law does not determine predominance under § 1367(c)(2). *See Arc of the Pikes Peak Region*, 2011 WL 1047222, at *3.

Applied here, these factors do not counsel in favor of remanding Plaintiff's non-federal claims. There does not appear to be substantial evidence that will be relevant to Plaintiff's non-federal claims which will not be likewise relevant to her federal claims. Nor are the remedies sought by Plaintiff significantly different as between her federal claims and her non-federal claims. Plaintiff seeks "actual damages in excess of $75,000," "special and punitive damages in an amount yet to be determined," "attorney fees and costs," and "all further relief that th[e] Court deems fair and just." Second Am. Pet. at p. 12, Doc. No. 1-2. Plaintiff does not distinguish as between her various claims in identifying the remedies she seeks. *See id.* Finally, the scope of issues to be addressed appear to be generally the same for both Plaintiff's federal claims and her non-federal claims. Plaintiff's allegations in her § 1983 claim largely overlap with the allegations in her claim based on the Oklahoma Constitution, and Plaintiff's allegations in her Title XI claim largely overlap with the allegations in her negligence-based claims.

## III.   Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 7] is DENIED as set forth herein.

---

2019 WL 962183, at *3 (D. Utah Feb. 4, 2019); *Pae*, 2017 WL 168910, at *2; *Arc of the Pikes Peak Region*, 2011 WL 1047222, at *3; *Garcia v. Monarch Dental Corp.*, Civ. No. 04-1058 WJ/RLP, 2005 WL 8164376, at *2 (D.N.M. Jan. 20, 2005) (citing *Gibbs*, 383 U.S. at 726).

IT IS FURTHER ORDERED that Plaintiff's request for a hearing regarding her motion is DENIED AS MOOT.  The Court finds that no hearing is necessary for it to reach its determination, and Plaintiff has not shown that a hearing is required in the circumstances presented here.  *Cf. Frischenmeyer v. Werholtz*, 459 F. App'x 759, 761 (10th Cir. 2012) (unpublished) (no hearing required prior to ruling on a motion to dismiss based on the parties' briefs); *Johnson v. Sedgwick Cty. Sheriff's Dep't*, 461 F. App'x 756, 760 (10th Cir. 2012) (unpublished) (same for motion for summary judgment).

IT IS SO ORDERED this 5th day of March, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE