IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUMMER STOCKBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | Case No.: CIV-18-1261-SLP |
| | ) | |
| (1) CHARLES CLAY DAWSON, and | ) | |
| (2) INDEPENDENT SCHOOL DISTRICT NO. | ) | |
| 115 OF POTTAWATOMIE COUNTY, | ) | |
| OKLAHOMA, | ) | State Court Case No. |
| | ) | CJ-2015-137 |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 115 OF POTTAWATOMIE COUNTY, OKLAHOMA'S MOTION TO DISMISS**

Plaintiff Summer Stockbridge ("Plaintiff") submits her Supplemental Brief regarding Defendant Independent School District No. 115 of Pottawatomie County, Oklahoma's ("District") Partial Motion to Dismiss [Doc. 6] pursuant to this Court's Order [Doc. 20] filed herein on July 11, 2019 and would show the Court as follows:

1. The Court's Order [Doc. 20] references the two threshold prerequisites that a party must meet in order for a court to consider the six-factor danger creation test for a substantive due process claim under 42 U.S.C. § 1983: (1) affirmative conduct and (2) private violence. The Court cites *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 927-30 (10th Cir. 2012), which holds that these two prerequisites must be met before consideration of the six-factor test. Plaintiff will address these two prerequisites in turn.

1

# I. DISTRICT'S INTENTIONAL HIRING OF DAWSON, DESPITE ITS KNOWLEDGE OF HIS PAST BAD ACTS, AND FAILURE TO MONITOR DAWSON WAS AFFIRMATIVE CONDUCT.

2. It is undisputed that affirmative conduct is a requirement for a substantive due process claim. The Tenth Circuit in *Armijo By and Through Chavez v. Wagon Mound Public Schools*, 159 F.2d 1253 (10th Cir. 1998) stated as follows regarding affirmative conduct:

> Thus the environment created by the state actors must be dangerous; they must know it is dangerous; and, to be liable, they must have used their authority to create an opportunity that would not otherwise have existed for the third party's [acts] to occur.

3. In making its decision in *Armijo*, the Tenth Circuit relied upon the holding in *Freeman v. Ferguson*, 911 F.2d 52 (8th Cir. 1990), which held that *Deshaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989)

> . . . establishes the possibility that a constitutional duty to protect an individual against private violence may exist in a non-custodial setting if the state has taken affirmative action which increases the individual's danger of, or vulnerability to, such violence beyond the level it would have been at absent state action.

4. The Tenth Circuit addressed the issue of affirmative conduct in *Currier v. Doran*, 242 F.3d 905 (10th Cir. 2001). In *Currier*, a social worker for New Mexico's Children, Youth and Families Department took custody of two children from their mother and placed them in the custody of their father, where both children experienced extreme abuse, culminating in the death of one child. The Tenth Circuit found that the social worker took affirmative conduct in removing the children from their mother and placing the children with their father. *Id*. at 920 & n.7.

5. In *T.D. v. Patton*, 868 F.3d 1209 (10th Cir. 2017), the Tenth Circuit found that a social worker acted affirmatively when she removed T.D. from his mother's home, intentionally withheld information from the court, and recommended T.D.'s placement with another individual.

6. In *J.M. v. Hilldale Indep. Sch. Dist. No. 1-19* (10th Cir. 2010), a teacher initiated a sexual relationship with a student. When another student alerted the principal about this inappropriate relationship, the principal and superintendent failed to investigate and, instead, reprimanded the reporting student and denied that student's transfer application. Later, it was determined that the sexual relationship between the first student and the teacher had occurred when another parent informed the school that the teacher had a sexual relationship with a second child too. In *Hilldale*, the Tenth Circuit upheld the lower court's jury verdict in favor of the student's substantive due process claims.

7. Here, the District's decision to hire Dawson, despite its knowledge of his past inappropriate relationship with a student, was an affirmative action. Additionally, the District's failure to properly monitor Dawson, despite its knowledge of his past inappropriate relationship with a student, was an affirmative action. In *Hilldale*, the school's failure to investigate the reported student-teacher relationship was determined to be affirmative conduct by the school. As such, the District's failure to monitor should also be classified as affirmative conduct.

8. Therefore, when taking all factual allegations in favor of Plaintiff, the Court could find that the District met the requirement of affirmative conduct for purposes of a substantive due process claim.

## II. DAWSON COMMITTED A PRIVATE ACT OF VIOLENCE BECAUSE HE WAS ENGAGED IN PRIVATE ACTIVITY AND WAS NOT ACTING IN HIS OFFICIAL CAPACITY AT THE TIME HIS BAD ACTS OCCURRED.

9. At first glance, it would appear that Plaintiff fails to meet the requirement of private violence because Dawson was a teacher employed by the State of Oklahoma, making him a state actor. However, upon further examination of relevant case law, it is apparent that there are exceptions and qualifications that are applied to the private violence requirement.

10. It is generally accepted that state employment is sufficient to render a defendant a state actor for the purposes of a substantive due process claim. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). However, a state employee only acts under "color of law" while acting in his or her official capacity or while exercising his or her responsibilities pursuant to state law. *Id*., at 50, 108 S.Ct. at 2255.

11. In *D.T. by M.T. v. Independent School District No. 16 of Pawnee County, Oklahoma*, 894 F.2d 1176 (10th Cir.1990), the Tenth Circuit held that a public school teacher was not acting under the color of state law (i.e. was not acting as a state actor) when that teacher molested a student.

12. *Hilldale* involves a factual scenario very similar to the instant matter. In *Hilldale*, a teacher had an inappropriate sexual relationship with a student. The instant matter also concerns the sexual relationship between Dawson while he was a teacher and Plaintiff as his student. The Court in *Hilldale* addressed whether the teacher who perpetrated the sexual abuse was considered a state actor or a private actor for the purposes of a substantive due process claim. The Tenth Circuit compared the *Hilldale* case to *Moore*

4

*v. Guthrie*, 438 F.3d 1036 (10th Cir. 2006), where a police officer was injured by a simulation bullet by another officer during a training exercise. The Court in *Moore* found that the danger creation theory did not apply because the injury was caused by another police officer, rather than a private third party.

13. However, the Court in *Hilldale* distinguished the facts in *Hilldale* from the *Moore* case. In *Hilldale*, the Court held that the teacher's inappropriate sexual relationship with a student constituted private conduct. *Hilldale* at 29. The Tenth Circuit stated as follows:

> There is no parallel between the accident that occurred during the state-sponsored training exercise and the intentional sexual harassment that occurred at the public school.

*Id*.

14. Here, it is clear that a private violence occurred when Dawson initiated and participated in an inappropriate sexual relationship with Plaintiff. Dawson was acting outside of his official capacity as a public school teacher and was not exercising his responsibilities under state law while he was engaging in this inappropriate relationship with Plaintiff. The Tenth Circuit has created an exception to the requirement of a "private" actor for situations where a state employee acts outside the scope of their duties and responsibilities. This exception has been upheld as recently as 2010 in *Hilldale*, which is especially relevant due to its similar factual scenario to the instant matter. Here, all of Dawson's bad acts as alleged by Plaintiff occurred outside of the scope of Dawson's official capacity or responsibilities.

15. Therefore, when taking all factual allegations in favor of Plaintiff, the Court could find that Dawson was a private actor and, therefore, a private violence occurred for purposes of a substantive due process claim.

### III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny District's Motion to Dismiss.

Respectfully submitted,

William S. Haselwood, OBA #15014
HASELWOOD & WEBB
400 N. Broadway
Shawnee, OK 74801

-and-

/s/ Breanne M. Gordon
Joseph M. Vorndran, OBA #21391
Breanne M. Gordon, OBA #32508
STUART & CLOVER, PLLC
128 N. Broadway
Shawnee, OK 74802-1925
(405) 275-0700 | (405) 275-6805 (fax)
joe@stuartclover.com
**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

__x__  I hereby certify that on July 23, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    F. Andrew Fugitt: afugitt@cfel.com
    Laura L. Holmgren-Ganz: lganz@cfel.com
    Jami R. Antonisse: jantonisse@millerandjohnson.com
    Lyman G. Lenker, IV: llenker@millerandjohnson.com
    Robert Bradley Miller: bmiller@millerandjohnson.com

                                        /s Breanne M. Gordon