# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMER STOCKBRIDGE, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) Case No. CIV-18-1261-SLP |
| (1) CHARLES CLAY DAWSON, and (2) INDEPENDENT SCHOOL DISTRICT NO. 115 OF POTTAWATOMIE COUNTY, OKLAHOMA, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## SUPPLEMENTAL BRIEF OF DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 115 OF POTTAWATOMIE COUNTY, OKLAHOMA

Pursuant to the Order of July 11, 2019, [Doc. No. 20], Defendant, Independent School District No. 115 of Pottawatomie County, Oklahoma ("District") submits its supplemental brief on the prerequisites of a danger creation substantive due process claim under 42 U.S.C. §1983. [Doc. No. 1-2, Sec. Amend Pet. ¶¶42-53].

**PROPOSITION:** **Plaintiff fails to meet the prerequisite conditions under the danger creation theory.**

    **A.** **As alleged, there was no affirmative act by District that resulted in immediate harm to Plaintiff.**

In her Second Amended Petition, Plaintiff alleges that Defendant Dawson engaged in bad acts with or towards her in the course and scope of his employment with District. [Doc. No. 1-2, Sec. Amend Pet. ¶¶9-14]. In Count Six of her Second Amended Petition,

Plaintiff alleges that District "affirmatively acted to create, or increased Plaintiff's vulnerability to or danger from, Dawson's conduct. [Doc. No. 1-2, Sec. Amend Pet. ¶¶42-53].

As the Court has noted, to state a danger creation substantive due process claim, a party must show (1) affirmative conduct by a state actor and (2) private violence. *Gray v. University of Colorado Hosp. Authority,* 672 F.3d 909, 920 n.8 (10th Cir. 2012). Under the danger creation theory, affirmative conduct "typically involves conduct that imposes an immediate threat of harm, which by its nature has a limited range and duration" and "the conduct should be directed at a discrete plaintiff rather than at the public at large." *Id.* at 921, quoting *Graham v. Ind. Sch. Dist. No. I-89,* 22 F.3d 991, 995 (10th Cir. 1994). Mere negligence or inaction is not enough to invoke the danger creation theory. See, e.g. *Robbins v. Oklahoma,* 519 F.3d 1242,1251 (10th Cir. 2008).

In *Graham,* the mother of a male student who was allegedly killed by another student filed a §1983 claim against the school district for not reacting to known threats made against her son. The Tenth Circuit stated that neither foreseeability nor inaction by a state actor are "affirmative conduct" under the danger creation theory. *Graham,* 22 F.3d at 994-995; *see also, Reed v. Gardner,* 986 F.2d 1122, 1125 (7th Cir. 1993). The court held that the school district did not create a hazardous situation by placing the aggressor and the victim in the same location, and that any danger to the victims was too remote a consequence to hold the school liable under §1983. *Graham,* 22 F.3d at 995.

The danger creation theory involves affirmative conduct on the part of the state in placing the plaintiff in danger. *Ruiz v. McDonnell,* 299 F.3d 1173 (10th Cir. 2002). In *Ruiz,* the mother brought a substantive due process claim under §1983 against the state's Department of Human Services ("CDHS") after her son died from shaken baby syndrome in a day-care facility. The plaintiff received federal assistance to help pay for day care expenses. The day care facility received federal funding for its services and was a licensed family child care home by CDHS. As part of its licensing, the CDHS was required to investigate the fitness of child care facilities and to confirm that they carried proper insurance. The plaintiff claimed that CDHS neglected to uncover an extensive history of domestic violence by the owners of the facility, that the facility lacked proper insurance coverage, and that CDHS improperly licensed the facility. The Tenth Circuit granted CDHS's motion to dismiss because (1) mere licensure did not constitute the requisite affirmative conduct; (2) the improper licensure did not impose an immediate threat of harm; and, (3) the licensure affected the public at large, it was not aimed at the plaintiff. *Id.* at 1183.

In some limited instances, inaction may serve as a basis for a danger creation claim. *Estate of B.I.C. v. Gillen,* 710 F.3d 1168 (10th Cir. 2013). In *Estate of B.I.C.,* grandparents filed a §1983 substantive due process claim against a social worker alleging that a social worker created the danger that resulted in the death of their infant granddaughter and denied their right to familial association. The Tenth Circuit found that the social worker's refusal to accept the grandparent's evidence that the biological father abused their granddaughter and

her refusal to help the baby based on her alleged longstanding hatred of the grandparents was sufficient to withstand the defendant's motion for summary judgment. *Id.* at 1174.

Moreover, remoteness in time is a bar to liability under the danger creation theory. *D.T. by M.T. v. Ind. Sch. Dist. No. 16 of Pawnee County, Okla.,* 894 F.2d 1176 (10th Cir. 1990). In *D.T.,* the parents of elementary school students filed suit against the school district after a teacher sexually molested the students during summer vacation. The school district had hired the teacher in 1981 and did not know that the teacher had been convicted of sodomy in another state. During the beginning of the 1981 school year, the school received a report that the teacher had engaged in sexual misconduct with a minor which could not be substantiated. When confronted, the teacher denied any wrongdoing. Although there were rumors about the teacher, there were no incidents reported during the first three years of the his employment with the school district. During the summer of 1984, the teacher was given permission to attend a summer basketball camp at Oklahoma State University, as a volunteer. The teacher sought permission from the parents of three students to spend the night with him in order raise funds for the camp. During the sleep over, the teacher sexually abused each student. *Id.* at 1183-1184. The Tenth Circuit held that acts of molestation that occurred in the summer of 1984 were too remote a consequence to the 1981 hiring and investigation policy of the school district to impose liability under §1983. *Id.* at 1189.

Other circuits have held that under the danger creation theory, a single, isolated, or sporadic incident does not establish a longstanding practice or custom to invoke liability.

*G.C. ex rel. Counts v. North Clackamas Sch. Dist.,* 654 F. Supp. 2d 1226,1247 (D. Ore. 2009). In *G.C.,* a female special needs student filed a danger creation claim against the school district for the alleged 2004 sexual assault by a male special needs student who subsequently assaulted her again in 2005. The plaintiff claimed the school district had a policy, practice, or custom of failing to remove sexually abusive perpetrators from its special education program. The court dismissed the plaintiff's claim because the plaintiff's evidence did not establish a longstanding practice or custom. *Id.* at 1248-49.

Here, Plaintiff alleges that the District hired Dawson in 2004 with knowledge of reports that prior to May of 2000, Dawson engaged in inappropriate sexual conduct with a student while he was employed at Purcell Public Schools. [Doc. No. 1-2, Sec. Amend Pet. ¶¶15-19]. In her Second Amended Petition, Plaintiff does not allege when Dawson engaged in sexual misconduct with her, but she does allege that Dawson resigned from the District on April 1, 2015, and that he was arrested that same day. [Doc. No. 1-2, Sec. Amend Pet. ¶23]. However, in her First Amended Petition, Plaintiff claims that on March 29, 2015, her mother discovered that Dawson had given Plaintiff a cellular phone and had solicited sexually explicit photographs from Plaintiff who was a minor at the time of the solicitation. [Doc. No. 1-17, First Amend. Pet.¶7.] Plaintiff also alleges that Dawson victimized another District student, C.H. [Doc. No. 1-2, Sec. Amend Pet. ¶15]. These allegations do not show affirmative conduct by the District required by *Gray, supra*. It cannot reasonably be concluded from her allegations that the hiring of Dawson in 2004 created the immediate

threat of harm to Plaintiff more than ten years later.

In addition, other than the 2004 Purcell incident, Plaintiff does not allege that District had knowledge or received any additional complaints about Dawson's behavior after he was employed with the District, and prior to March 29, 2015. [Doc. No.1-2, Sec. Amend. Pet.]. The time span between Dawson's first alleged sexual misconduct at Purcell in 2000, District's hiring Dawson in 2004, and the sexual misconduct against Plaintiff in 2015 was not foreseeable, too remote a consequence, and too remote in time. *Graham,* 672 F.3d at 921; *D.T.,* 894 F.2d at 1189. Additionally, District's conduct did not produce an immediate threat of harm to Plaintiff, nor were District's conduct, policies, or lack of policies directed at Plaintiff. Rather, at most, they were directed to District's entire student body. *Ruiz,* 299 F.3d at 1183. Thus, Plaintiff cannot prevail on her danger creation claim under §1983.

**B.      Defendant Dawson was not a private actor.**

To state a substantive due process danger creation claim, a plaintiff must show violence by a private actor. *Gray, supra,* at 919-9210. The Tenth Circuit has also held that under the danger creation theory, state actors are not liable for the acts of another state actor. *Moore v. Guthrie,* 438 F.3d 1036 (10th Cir. 2006). In *Moore,* a police officer filed a substantive due process claim under §1983 when he was injured during an intense "live fire" training exercise with another police officer. The Tenth Circuit affirmed the city's motion to dismiss, holding that the danger creation theory did not apply because the plaintiff was injured by a fellow police officer and not a private third party. *Id.* at 1042. *See also*, *B.T. v.*

*Davis*, 557 F. Supp. 2d 1262, 1281 (D. New Mexico) (school teacher who inappropriately touched students was a state actor.)

In this case, Plaintiff claims that in May of 2000, Defendant Charles Dawson ("Dawson") resigned from his teaching position after Purcell Public Schools became aware of his inappropriate sexual relationship with a minor student. [Doc. No. 1-2, Sec. Amend. Pet. ¶16]. Plaintiff asserts that Dawson was subsequently hired by two other school districts who ultimately asked him to resign upon learning about the Purcell incident. Plaintiff claims that Dawson then left the education field and worked in a sales job for one year. [Doc. No. 1-2, Sec. Amend. Pet. ¶¶17-18]. She also claims that in 2004, District hired Dawson as a teacher. During Dawson's second interview, then Superintendent Haswell mentioned that he was aware of the Purcell incident, he believed in second chances, and hired Dawson. [Doc. No. 1-2, Sec. Amend. Pet. ¶10].

Plaintiff alleges that Dawson was her math teacher. [Doc. No. 1-2, Sec. Amend. Pet. ¶19]. She states that Dawson kissed her twice in his classroom, during school hours, while in the course and scope of his employment. [Doc. No. 1-2, Sec. Amend. Pet. ¶11]. On March 29, 2015, Plaintiff's mother discovered that Dawson had given Plaintiff a cellular phone and had solicited sexually explicit photographs from Plaintiff who was a minor at the time of the solicitation. [Doc. No. 1-17, First Amend. Pet. ¶7].

As alleged, Defendant Dawson was a state actor and thus the second prerequisite of the substantive due process danger creation claim is not present.

## CONCLUSION:

For the reason set forth above, and as stated in the Brief in Support of its Partial Motion to Dismiss, [Doc. No. 6], Defendant, Independent School District No. 115 of Pottawatomie County, Oklahoma respectfully moves the Court to dismiss Plaintiff's §1983 claims along with her Title IX claim, state law claims for negligence and negligence *per se*, and any claim for punitive damages.

S/Laura L. Holmgren-Ganz<br>
F. Andrew Fugit, OBA #10302<br>
Laura L. Holmgren-Ganz, OBA #12342<br>
Attorneys For Defendant<br>
The Center For Education Law, P.C.<br>
900 N. Broadway, Suite 300<br>
Oklahoma City, OK 73102<br>
Telephone: (405) 528-2800<br>
Facsimile: (405) 528-5800<br>
E-mail: AFugitt@cfel.com<br>
E-mail: LGanz@cfel.com

## Certificate of Service

I hereby certify that on July 25, 2019, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System: William S. Haselwood, Joseph M. Vorndran, and Brad Miller.

S/Laura L. Holmgren-Ganz<br>
Laura L. Holmgren-Ganz