# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMER STOCKBRIDGE | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-18-1261-SLP |
| (1) CHARLES CLAY DAWSON, and | ) |
| (2) INDEPENDENT SCHOOL DISTRICT NO. 115 OF POTTAWATOMIE COUNTY, OKLAHOMA, | ) |
| Defendants. | ) |

## DEFENDANT DISTRICT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DISTRICT'S MOTION TO DISMISS.

Defendant, Independent School District No. 115 of Pottawatomie County, Oklahoma ("District"), submits this brief in response to Plaintiff's Supplemental Brief to District's Motion to Dismiss [Doc. No. 21].

**PROPOSITION:** Plaintiff fails to meet the prerequisite conditions under the danger creation theory.

**A.** There was no affirmative act by District that resulted in immediate harm to Plaintiff. Failure to monitor or supervise is inaction at best, and not an affirmative act.

Regarding the "affirmative conduct" element of the Section 1983 substantive due process claim, Plaintiff in her brief cites to *Armijo By and Through Chavez v. Wagon Mound Public Schools*, 159 F.2d 1253 (10th Cir. 1998), *Currier v. Doran*, 242 F.3d 905 (10th Cir.

2001), *T.D. v. Patton*, 868 F.3d 1209 (10th Cir. 2017), and *J.M. v. Hilldale Indep. Sch. Dist. No. 1-19* (10th Cir. 2010). Although each of these cases do involve substantive due process "danger creation" claims, they are so factually distinguishable to the case here as to be of no application.

For example, in *Armijo*, *supra*, the parents of a high school student sued the school district and various school officials after the student committed suicide. On appeal from the denial of the defendants' motion for summary judgment on the issue of qualified immunity, the Tenth Circuit found that conduct by the principal and school counselor put the student at substantial risk of serious, immediate and proximate harm by suspending the student from school, which caused him to become distraught and to threaten violence, and then taking the student to his home and leaving him alone with access to firearms. 159 F.2d at 1264.

In *T.D. v. Patton, supra,* defendant Patton, a social worker for the Denver Department of Human Services, recommended that T.D., a minor, be placed in his father's custody, which placement the court approved on November 3, 2010. On appeal, the Tenth Circuit found that Patton engaged in affirmative conduct both before and after the placement, which resulted in T.D. being harmed by his father in the months after his placement. 868 F.3d at 1230 ("Ms. Patton's conduct helped put T.D. at a substantial risk of serious, immediate, and proximate harm."). The other cases cited by Plaintiff are similarly distinguishable.

Here, District did engage in the affirmative act of hiring Defendant Dawson in 2004, years before Plaintiff attended school with Dawson at the District. However, as Plaintiff is

claiming inappropriate conduct by Dawson in 2015, Dawson's hiring in 2004 did not create a "substantial risk of serious, immediate, and proximate harm" to Plaintiff. *Currier v. Doran*, 242 F.3d 905, 918 (10th Cir. 2001). Additionally, unlike the cases cited by Plaintiff, District's action (hiring of Dawson) was not directed at Plaintiff, but rather the entire student body. Thus, there was no affirmative act by District under the *Gray* threshold test and Plaintiff's Section 1983 substantive due process claim should be dismissed.

In her supplemental brief, Plaintiff also asserts that District failed to properly monitor Dawson despite knowledge of his past inappropriate relationship with a student, and that this failure was affirmative action by the District. Plaintiff cites no authority for this position. Regardless, failure to monitor or supervise, especially given that more than 10 years passed between Dawson's hiring and his acts involving Plaintiff, "is inaction, and not an affirmative action." *Saenz v. Lovington Mun. School Dist.*, 105 F. Supp.3d 1271, 1312 (D. New Mexico 105), *citing*, *Estate of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013) ("Our precedents consistently conclude that mere negligence or inaction is not enough [to establish a danger-creation claim]."). Plaintiff's Section 1983 substantive due process claim should be dismissed.

**B.     Dawson was not a private actor**.

In her supplemental brief, Plaintiff brief asserts that Dawson was a private actor and therefore District can be liable under the substantive due process danger creation theory. [Doc. No. 21, Pltf's Supp. Brief pp.4-6]. However, the cases cited by Plaintiff are

distinguishable from this case. Likewise, Plaintiff's arguments in opposing District's motion to dismiss are contrary to the allegations in her Second Amended Petition. [Doc. 1, Ex. 2].

In *West v. Atkins,* 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed2d 40 (1988), a prisoner who was denied health care by a private contract physician, filed a Section 1983 claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment. The issue on appeal was whether the physician had acted under color of state law for purposes of Section 1983. In holding that the contract physician had acted under color of state law the court did state that "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." 487 U.S. at 2255-2256.

In her brief, Plaintiff also refers to *D.T. by M.T. v. Ind. Sch. Dist. No. 16 of Pawnee County, Okl.,* 894 F.2d 1176 (10th Cir. 1990), as holding that a public school teacher does not act under color of state when the teacher molests a student. [Doc. 21, p.4]. Although *D.T.,* may stand generally for the proposition Plaintiff cites, the holding is premised upon facts not present here. At the time of the alleged molestation, the teacher who molested D.T. was on summer break and was under no obligation to the school. 894 F.2d 1186-1187. ("It is uncontested in our case that on June 13-14, 1984, Epps was under no obligation to the School District. He was then on his free or summer 'vacation.'"). Here, Plaintiff alleges that all of Defendant Dawson's bad acts occurred in the course and scope of his employment. [Doc. 21, ¶¶ 9-26].

Plaintiff also cites *J.M.*, *supra,* to the effect that a teacher's inappropriate sexual relationship with a student constitutes private conduct. [Doc. 21, p.4-5]. Again, *J.M.*, is distinguishable because of Plaintiff's allegations that Defendant Dawson's harassment of her occurred while he was acting in the scope of his employment.

Although Plaintiff is free to plead alternative facts and theories of relief, *United Roasters, Inc. V. Colgate-Palmolive Co.,* 649 F.2d 985, 990 (4th Cir. 1981), she cannot base her Section 1983 substantive due process danger creation claim on allegations that Defendant Dawson acted in the scope of his employment when he sexually harassed her. ("All of the conduct alleged in paragraphs 10-13 occurred while Dawson was an employee of Wanette Public Schools and during his course and scope of employment." [Doc. 21, ¶14.]). Dawson could not have been harassing Plaintiff while acting in the scope of his employment and as a private actor at the same time.

Plaintiff cannot meet both of the *Gray*, *supra*, prerequisites for a substantive due process danger creation claim under Section 1983. Since there was no affirmative act by District that caused immediate harm to Plaintiff, or which put her at risk, and, as alleged, Dawson was not a private actor, Plaintiff's Section 1983 substantive due process clam should be dismissed.

## CONCLUSION:

For the reasons stated above and in District's Brief in Support of Motion to Dismiss [Doc. Nos. 6, 18, and 22], District respectfully requests the Court to dismiss Plaintiff's Title IX and Section 1983 claims alleged against District as those claims are insufficient as plead, to dismiss Plaintiff's state law negligence and negligence *per se* claims, as well as her claim for punitive damages.

S/F. Andrew Fugitt
F. Andrew Fugitt, OBA #10302
Laura L. Holmgren-Ganz, OBA #12342
Attorneys For Defendant District
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800
Facsimile: (405) 528-5800
E-mail: LGanz@cfel.com

### Certificate of Service

I hereby certify that on August 2, 2019, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System: William S. Haselwood, Joseph M. Vorndran, and Brad Miller.

S/F. Andrew Fugitt
F. Andrew Fugitt